**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RONALD HUTCHISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 CV 4810 |
| | ) | |
| CITY OF EVANSTON, Evanston Police | ) | Judge William Hibbler |
| Officer MATT GEORGE, Star #170, | ) | Magistrate Judge Arlander Keys |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR BILL OF COSTS**

Defendants, City of Evanston and Evanston Police Officer Matt George, Star #170,

hereby requests this Court to enter costs in their favor and against Plaintiff in the amount of

$2,980.97 (two thousand, nine hundred eighty dollars and ninety-seven cents), pursuant to

Federal Rule of Civil Procedure 54 and 28 U.S.C. §1920.  In support of this motion, Defendants

have attached the standard form Bill of Costs and supporting documentation.  In addition,

Defendants state the following.

1.  On February 10, 2011, the jury hearing the trial in this case found in favor of the City

    of Evanston and Matt George on all counts.  That same day, this Court entered

    judgment in favor of the City of Evanston and Matt George and against Plaintiff on

    all counts of the complaint.[1]  As a result of the verdict and the judgment, the City of

    Evanston and Matt George are prevailing parties under Federal Rule of Civil

    Procedure 54 and 28 U.S.C. §1920.  As prevailing parties, the City of Evanston and

    Matt George are entitled to have their costs, as that term has been defined, paid by

    Plaintiff.

---

[1] The claims tried before the jury were Ronald Hutchison's 42 U.S.C. 1983 Unreasonable Seizure and Excessive Force Claims. The City of Evanston remained as a defendant for purposes of indemnification.

2.  Defendants seek $2,791.98 (two thousand seven hundred ninety-one dollars and ninety-eight cents) in deposition costs, which are recoverable. *See Arachnid v. Valley Recreation Prods., Inc.,* 143 F.R.D. 192, 193 (N.D. Ill. 1992) ("Deposition transcripts are recoverable costs under §1920(2).")  The depositions included in this calculation are the depositions of the following individuals, who were all identified as witnesses for trial and identified by Plaintiff as individuals likely to have discoverable information[2]: Ronald Hutchison, David Bamberg, Marjorie Figaro, Doctor Rick Gimbel, Matthew George, and Kenneth Carter.

3.  Defendants also seek the witness fees to require Delcine Thompson to produce documents relating to the current location of witness David Bamberg and Evanston Northwestern Hospital to produce all medical records relating to Plaintiff.  They were each paid $40.00 (which included the witness fee plus mileage) for a total of $80.00. Accordingly, Defendant seeks $80.00 in witness fees, which are recoverable under §1920.

4.  Defendants also seek $17.97 (seventeen dollars and ninety-seven cents) for color photocopies which were used at trial, $38.90 (thirty-eight dollars and ninety cents) for copying fees paid to Evanston Hospital for copies of Ronald Hutchinson's medical records, and $52.12 (fifty-two dollars and twelve cents) for copying fees paid to Saint Frances Hospital for copies of Ronald Hutchinson's medical records, for a total of $108.99 (one hundred eight dollars and ninety-nine cents.) Defendants have *not* included the cost for trial exhibits or other copies not listed above.  Although such costs are recoverable under §1920, counsel for Defendant – the law firm of Johnston

---

[2] Plaintiff Ronald Hutchison specifically identified himself, Marjorie Figan [sic], Matthew George, Kenneth Carter, and any witness disclosed by any Defendant as individuals likely to have discoverable information.  Defendants identified Doctor Rick Gimbel and David Bamberg as individuals likely to have discoverable information.

Greene LLC – as a general policy does *not* pass on the cost of copies to its clients. Because those costs were not charged to Defendants, Defendants do not seek to recover those costs in this motion.

5. As a general rule, a defendant – even a civil rights defendant – is entitled to recover its costs even when a plaintiff claims to have brought the case in good faith. *Gardner v. Southern Railway System*, 675 F.2d 949, 954 (7th Cir. 1982); *see also* Moore's Federal Practice, §54.101[1][b] at 54-152 ("The mere fact that the losing party litigated the action in good faith is not sufficient ground for denying costs to the prevailing party. This is so even in a civil rights case in which costs are to be taxed against the losing plaintiff."). The Seventh Circuit has specifically rejected the argument that imposing costs would "chill" civil rights plaintiffs. *Contreras v. Chicago*, 119 F.3d 1286, 1295-96 (7th Cir. 1997).

6. There are only two small, discretionary exceptions to the general rule that costs should be taxed: (1) when the moving party has engaged in misconduct; and (2) when the party to be taxed the costs is indigent. *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003); *Fairley v. Andrews*, 2008 U.S. Dist. LEXIS 28325 (N.D. Ill. 2008).

7. With respect to the first exception, there can be no argument that Defendants or their counsel engaged in any misconduct.

8. With respect to the second exception, there is no evidence that the Plaintiff is indigent. Plaintiff testified in his deposition and at trial that he has a high school diploma, some post-secondary education, and was steadily employed through 2009. Plaintiff at no time gave any indication or provided any evidence that he cannot

currently work or will not be able to obtain gainful employment and pay the costs of this lawsuit in the future. Although Plaintiff has referred to being stabbed at Bill's Blues in Evanston, Defendants have been notified that Plaintiff is currently suing that establishment. Consequently, Plaintiff may recover additional funds as a result of that suit.

9.  Even if Plaintiff were indigent, this Court should still exercise its discretion to tax costs against Plaintiff. First, being indigent alone is not sufficient to prevent the taxing of costs. *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994) ("A plaintiff's indigency . . . does not require the court to automatically waive costs to an unsuccessful litigant.") Second, taxing costs, even against indigent plaintiffs "serves the valuable purposes of discouraging unmeritorious claims and treating all unsuccessful litigants alike." *Id.* at 460. Third, this case was not close, and Defendant did not merely prevail on a technicality. *Luckey*, 183 F.3d at 734. This case was tried before a jury, which heard all the evidence, and which rendered a verdict within five hours of retiring for deliberations and lunch. Throughout this litigation, the Plaintiff made very serious allegations against Defendant Matt George – allegations that have long term professional and emotional consequences. For example, Evanston Police Officer Matt George was alleged to have repeatedly punched Plaintiff in the face after Plaintiff had surrendered, breaking Plaintiff's nose. (Indeed, until Defendants were able to establish through the deposition of Dr. Anne Marie Doppenberg to the contrary, Plaintiff alleged that Matt George fractured Plaintiff's skull.) Although the claims against Matt George were quickly and unanimously rejected by the jury, the

claims made by Plaintiff against Matt George will permanently remain as a part of his professional career.

10. Ultimately, the issue is this: "Someone has to bear the costs of litigation, and the winner has much the better claim to be spared them – not just a morally or economically better claim, but under Rule 54(d), a legally better claim." *Luckey*, 183 F.3d at 734. The Defendants should not be required to bear the burden of this litigation and trial. Defendants' bill of costs is reasonable and should be taxed against Plaintiff.

11. Defendants respectfully request that this Honorable Court tax Plaintiff $2,980.97 pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. §1920.

Respectfully submitted,

s/ Iain D. Johnston

Iain D. Johnston
Johnston Greene LLC
542 S. Dearborn St., Suite 1100
Chicago, IL 60605
(312) 341-3900

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| RONALD HUTCHISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 CV 4810 |
| | ) | |
| CITY OF EVANSTON, Evanston Police | ) | Judge William Hibbler |
| Officer MATT GEORGE, Star #170, | ) | Magistrate Judge Arlander Keys |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF IAIN D. JOHNSTON

Iain D. Johnston, pursuant to 28 U.S.C. §1746, states the following on personal knowledge.

1. I am and have been the lead attorney in this matter since it was filed in 2009.
2. I am familiar with the discovery conducted in this case, including the depositions taken.
3. Attached to this declaration are true and correct copies of bills and cancelled checks showing payments for witness fees, copying costs, and deposition costs relating to the depositions of Ronald Hutchison, David Bamberg, Marjorie Figaro, and Doctor Rick Gimbel.
4. The deposition costs to obtain copies of the deposition transcripts of Matthew George and Kenneth Carter were incurred immediately before trial in late January 2011. Accordingly, cancelled checks are not available for these charges and only the true and correct copies of the bills relating to these charges are attached to this declaration.
5. These copies are kept in the ordinary course of business and my firm, Johnston Greene LLC. Additionally, the City of Evanston relies upon these documents.
6. As counsel in this matter, I am one of the people who has access to these documents.
7. If called to testify, I could competently testify to the foregoing.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of February, 2011.

s/ Iain D. Johnston

Iain D. Johnston
Johnston Greene LLC
542 S. Dearborn St., Suite 1100
Chicago, IL 60605
(312) 341-3900

## CHIMNIAK COURT REPORTING & VIDEO, INC.    **Invoice**

visit our web site at www.chimniakcourtreporting.com

33 North Dearborn Street
Suite 1301
Chicago, IL 60602
Phone: (312) 781-9111     Fax: (312) 332-6555

| Invoice Date | Invoice # |
|---|---|
| Wednesday, February 03, 2010 | 3178CPK |

pd 5|3||0

Ch# 5857

Iain D. Johnston
Johnston Greene
542 South Dearborn
Chicago, IL 60606

Phone:     (312) 341-3900     Fax:

| | |
|---|---|
| **Witness:** | Ronald Hutchinson |
| **Case:** | Hutchinson vs. City of Evanston |
| **Venue:** | |
| **Case #:** | 09 CV 4810 |
| **Date:** | 1/20/2010 |
| **Start Time:** | 10:00 AM |
| **End Time:** | : 0 |
| **Reporter:** | Deborah Habian |
| **Claim #:** | |
| **File #:** | *3014CPK* |

| Description | Each | Quan | Total |
|---|---|---|---|
| Attendance: Dep (write) | $23.75 | 6 | $142.50 |
| Original: reg deliv (dep) | $3.30 | 151 | $498.30 |
| Condensed tran w/ index | $35.00 | 1 | $35.00 |
| E-Transcript | $40.00 | 0 | $0.00 |
| Delivery charge | $10.00 | 1 | $10.00 |
| Terms: Net 30 days | $0.00 | 0 | $0.00 |

| | |
|---|---|
| Sub Total | $685.80 |
| Payments | $0.00 |
| Balance Due | $685.80 |

Fed. I.D. # 20-8622561

*Thank you for the opportunity to serve you.*





# CHIMNIAK COURT REPORTING & VIDEO, INC.        Invoice

visit our web site at www.chimniakcourtreporting.com

33 North Dearborn Street
Suite 1301
Chicago, IL 60602
Phone: (312) 781-9111      Fax: (312) 332-6555

| Invoice Date | Invoice # |
|---|---|
| Wednesday, April 14, 2010 | 3307CPK |

*P&. Le/10/10*
*Check # 5919*

Iain D. Johnston
Johnston Greene
542 South Dearborn
11th Floor
Chicago, IL 60605

Phone:     (312) 341-3900      Fax:

| | |
|---|---|
| **Witness:** | David Bamberg |
| **Case:** | Hutchinson vs. City of Evanston |
| **Venue:** | |
| **Case #:** | 09 CV 4810 |
| **Date:** | 3/25/2010 |
| **Start Time:** | 3:00 PM |
| **End Time:** | : 0 |
| **Reporter:** | Deralyn Gordon |
| **Claim #:** | |
| **File #:** | *3138CPK* |

| Description | Each | Quan | Total |
|---|---|---|---|
| Attendance:  Court (write) minimum (2 hr) | $130.00 | 1 | $130.00 |
| Original: reg deliv (court) | $4.30 | 99 | $425.70 |
| Delivery charge | $10.00 | 1 | $10.00 |
| Terms:  Net 30 days | $0.00 | 0 | $0.00 |

| | |
|---|---|
| Sub Total | $565.70 |
| Payments | $0.00 |
| Balance Due | $565.70 |

Fed. I.D. # 20-8622561

*Thank you for the opportunity to serve you.*

# CHIMNIAK COURT REPORTING & VIDEO, INC.                    Invoice

visit our web site at www.chimniakcourtreporting.com

33 North Dearborn Street
Suite 1301
Chicago, IL  60602
Phone: (312) 781-9111          Fax: (312) 332-6555

| Invoice Date | Invoice # |
|---|---|
| Tuesday, April 13, 2010 | 3333CPK |

*PD. 6/10/10*
*Check # 5919*

Iain D. Johnston
Johnston Greene
542 South Dearborn
11th Floor
Chicago, IL 60605

Phone:     (312) 341-3900        Fax:

| | |
|---|---|
| **Witness:** | Marjorie Figaro |
| **Case:** | Hutchison vs. Evanston |
| **Venue:** | |
| **Case #:** | |
| **Date:** | 4/5/2010 |
| **Start Time:** | 1:00 PM |
| **End Time:** | : 0 |
| **Reporter:** | Maggie Cimms |
| **Claim #:** | |
| **File #:** | *3105CPK* |

| Description | Each | Quan | Total |
|---|---|---|---|
| Attendance:  Dep (no-write) minimum (2 hr) | $130.00 | 1 | $130.00 |
| Terms:  Net 30 days | $0.00 | 1 | $0.00 |
| | | Sub Total | $130.00 |
| | | Payments | $0.00 |
| | | Balance Due | $130.00 |

Fed. I.D. # 20-8622561

*Thank you for the opportunity to serve you.*



↓Do not endorse or write below this line↓

PAY TO THE ORDER OF
JPMORGAN CHASE BANK, N.A.
CHICAGO, ILLINOIS 60670
0710000013
FOR DEPOSIT ONLY
OHMSAK COURT REPORTING
& VIDEO, INC.
747002099

>074909962< 07\09\2010
2280232544

# Chimniak Court Reporting & Video, Inc.                    Invoice

33 North Dearborn Street
Suite 1301
Chicago, IL 60602
Phone: (312) 781-9111            Fax: (312) 332-6555

| Invoice Date | Invoice # |
|---|---|
| Monday, May 03, 2010 | 3366CPK |

Iain D. Johnston
Johnston Greene
542 South Dearborn
11th Floor
Chicago, IL 60605

Phone:      (312) 341-3900      Fax:

| | |
|---|---|
| **Witness:** | Ms. Figaro |
| **Case:** | Hutchison vs. Evanston |
| **Venue:** | |
| **Case #:** | |
| **Date:** | 4/19/2010 |
| **Start Time:** | 1:00 PM |
| **End Time:** | : 0 |
| **Reporter:** | Laurie Kogen |
| **Claim #:** | |
| **File #:** | 3184CPK |

#5973
6/25/10

| Item | Description | Each | Quan | Total |
|---|---|---|---|---|
| ATDEPW | Attendance: Dep (write) | $23.75 | 8 | $190.00 |
| ORIGREG/DE | Original: reg deliv (dep) | $3.30 | 126 | $415.80 |
| ETRANS | E-Transcript | $40.00 | 1 | $40.00 |
| TRMS30 | Terms: Net 30 days | $0.00 | 0 | $0.00 |

| | |
|---|---|
| **Sub Total** | $645.80 |
| **Payments** | $0.00 |
| **Balance Due** | $645.80 |

Fed. I.D. # 20-8622561

*We appreciate your business!*



*D44000037*
07\13\2010
0041702514D30

This is a LEGAL COPY of your
check. You can use it the same
way you would use the original
check.

[0749099621] 07\13\2010
4190251430

"005973"  4:07192504L6:  130495454"00000064580"



Pay any bank JPMorgan Chase Bank 9180000[illegible]365

>0249099P2< 02/13/2010

41902530

PAY TO THE ORDER OF
JPMORGAN CHASE BANK N.A.
CHICAGO, ILLINOIS 60670
071000013
FOR DEPOSIT ONLY
[illegible] COURT REPORTING
& VIDEO, INC.
[illegible]

↓Do not endorse or write below this line↓

33 North Dearborn Street
Suite 1301
Chicago, IL 60602
Phone: (312) 781-9111
Fax: (312) 332-6555

# Invoice

**Terms:** Net 30 Days
**EIN:** 20-8622561

Iain D. Johnston
Johnston Greene
542 South Dearborn
11th Floor
Chicago, IL 60605

| Invoice Date | Invoice # |
|---|---|
| 8/3/2010 | 3497CPK |

Phone: (312) 341-3900    Fax:

| | |
|---|---|
| Job Date/Time: | 7/20/2010 1:00:00 PM |
| Case: | Hutchinson vs. City of Evanston |
| Case #: | 09 CV 4810 |
| Witness: | Dr. Rick Gimbel |
| Reporter(s): | Cindy Peesel |
| Job Number: | 3313CPK |

| Description | Each | Quan | Total |
|---|---|---|---|
| Attendance: Dep (write) minimum (2 hr) | $95.00 | 1 | $95.00 |
| Original: reg deliv (dep) | $3.30 | 51 | $168.30 |
| Delivery charge - Exhibits | $10.00 | 1 | $10.00 |
| THANK YOU FOR USING OUR SERVICES | $0.00 | 0 | $0.00 |

| | |
|---|---|
| **Sub Total** | **$273.30** |
| **Payments** | **$0.00** |
| **Balance Due** | **$273.30** |

Check #6100
9/29/10

## Method of Payment

☐ Check Enclosed
Please Make Check Payable To:

**Chimniak Court Reporting**

**Charge My Credit Card**

☐ VISA   ☐ MasterCard
☐ American Express

_____
Signature (as it appears on your credit card)

☐☐☐☐☐  ☐☐☐☐  ☐☐☐☐  ☐☐☐☐

**Credit Card Number**

☐☐☐☐

**Exp. Date**

_____
Print Name (as it appears on your credit card)

_____
Daytime Phone

**Johnston Greene LLC**
Business & Government Litigation
542 S. Dearborn Street, Suite 1100
Chicago, IL 60605
(312) 341-3900

**AMERICAN CHARTERED BANK**
70-2504/719

6100

9/23/2010

PAY TO THE
ORDER OF ___Chimniak Court Reporting & Video, Inc.___

$ **273.30

Two Hundred Seventy-Three and 30/100******************************************************* DOLLARS

Chimniak Court Reporting & Video, Inc.
33 North Dearborn Street
Suite 1301
Chicago, IL 60602

MEMO   3497CPK - Deposition of Dr. Rick Gimbel.

⑅006100⑅ ⑈071925046⑈ ⑈1304954⑈

PAY TO THE ORDER OF
JPMORGAN CHASE BANK, N.A.
CHICAGO, ILLINOIS 60670
071000013
FOR DEPOSIT ONLY
CHIMNIAK COURT REPORTING
& VIDEO, INC.
747302289

*HUTCHINSON*

*EVANSTON*

**FedEx Office**

January 14,2011 15:27                    Page: 1
Receipt #: 116253
MasterCard #: XXXXXXXXXXXXX9033
2011/01/14 15:19

| Qty | Description | Amount |
| --- | --- | --- |
| 5 | Minutes:IL2007CRW01 | 1.25 |
| 2 | Prints:Color_Printer 4 | 1.98 |
| 2 | Prints:Color_Printer 7 | 1.98 |
| 8 | Prints:Color_Printer 10 | 7.92 |
| 4 | Prints:Color_Printer 13 | 3.96 |

| | SubTotal | 17.09 |
| --- | --- | --- |
| | Taxes | 0.88 |
| | Total | 17.97 |

The Cardholder agrees to pay the Issuer of the
charge card in accordance with the agreement
between the Issuer and the Cardholder.

FedEx Office Print & Ship Centers

71 E. Jackson Blvd
Chicago,IL 60604
312-341-9644
www.FedExOffice.com

Please Recycle This Receipt

*CONSTANCE LYONS*

HealthPort
P.O. Box 409740
Atlanta, Georgia 30384-9740
Fed Tax ID 58 - 2659941
(770) 754 - 6000

 **HealthPort.**
**INVOICE**

Invoice #: **0071760189**
Date: **12/29/2009**
Customer #: 1539327

| Ship to: | Bill to: | Records from: |
|---|---|---|
| JOHNSTON GREENE LLC<br>JOHNSTON GREENE LLC<br>542 S DEARBORN STREET<br>STE 1100<br>CHICAGO, IL 60605 | JOHNSTON GREENE LLC<br>JOHNSTON GREENE LLC<br>542 S DEARBORN STREET<br>STE 1100<br>CHICAGO, IL 60605 | NSUHS EVANSTON HOSPITAL<br>4901 SEARLE PKWY SUITE 170<br>SKOKIE, IL 60077 |

**Requested By:** JOHNSTON GREENE LLC
**Patient Name:** HUTCHISON RONALD

**SSN:** *****1522

| Description | Quantity | Unit Price | Amount |
|---|---|---|---|
| Basic Fee | | | 23.80 |
| Retrieval Fee | | | 0.00 |
| Per Page Copy (Paper) 1 | 44 | 0.30 | 13.20 |
| Per Page Copy (Paper) 2 | 25 | 0.59 | 14.75 |
| Per Page Copy (Paper) 3 | 25 | 0.89 | 22.25 |
| Shipping/Handling | | | 4.90 |
| Subtotal | | | 78.90 |
| Sales Tax | | | 0.00 |
| Invoice Total | | | 78.90 |
| Less Payment | | | -40.00 |
| Balance Due | | | 38.90 |

*(handwritten: pd 1/20/10  Ch# 5732)*

**Pay your invoice online at www.HealthPortPay.com**

Terms: Net 30 days          **Please remit this amount : $ 38.90 (USD)**

- - - - - - - - - - - - - - - - - - - - - - - ✂ - - - - - - - - - - - - - - - - - - - - - - - -

HealthPort
P.O. Box 409740
Atlanta, Georgia 30384-9740
Fed Tax ID 58 - 2659941
(770) 754 - 6000

| Invoice #: **0071760189** |
|---|
| Check # _____ |
| Payment Amount $_____ |

**Please return stub with payment.**
Please include invoice number on check.
To pay invoice online, please go to www.HealthPortPay.com or call (770) 754 6000.



```
¶10000022  01/25/2010
     007792240862
*071000301*  01/26/2010
     6511303492
```

↓Do not endorse or write below this line.↑

```
B-7049 96
20100125
3255696785
172 ATL-409740
```

```
>011000138<
CR PAYEE ACCT
LACK END GTD
BANK OF AMERICA
```

```
>011000138<  01/25/2010
     0005990012986497
```

**HealthPort**
P.O. Box 409740
Atlanta, Georgia 30384-9740
Fed Tax ID 58 - 2659941
(770) 754 - 6000



# HealthPort.
## INVOICE

Invoice #:  **0073036168**
Date:  **2/5/2010**
Customer #: 1539327

| Ship to: | Bill to: | Records from: |
|---|---|---|
| JOHNSTON GREENE LLC<br>JOHNSTON GREENE LLC<br>542 S DEARBORN STREET<br>STE 1100<br>CHICAGO, IL 60605 | JOHNSTON GREENE LLC<br>JOHNSTON GREENE LLC<br>542 S DEARBORN STREET<br>STE 1100<br>CHICAGO, IL 60605 | SAINT FRANCIS HOSPITAL<br>355 RIDGE AVE<br>EVANSTON, IL 60202 |

**Requested By:** JOHNSTON GREENE LLC
**Patient Name:** HUTCHISON RONALD

**SSN:**  *****2215
**DOB:**  100774

| Description | Quantity | Unit Price | Amount |
|---|---|---|---|
| Basic Fee | | | 24.44 |
| Retrieval Fee | | | 0.00 |
| Per Page Copy (Paper) 1 | 4 | 0.61 | 2.44 |
| Per Page Copy (Paper) 2 | 25 | 0.92 | 23.00 |
| Shipping/Handling | | | 2.24 |
| Subtotal | | | 52.12 |
| Sales Tax | | | 0.00 |
| Invoice Total | | | 52.12 |
| Balance Due | | | 52.12 |

**Pay your invoice online at www.HealthPortPay.com**

Terms: Net 30 days          **Please remit this amount : $ 52.12 (USD)**

--------------------------------✂--------------------------------

**HealthPort**
P.O. Box 409740
Atlanta, Georgia 30384-9740
Fed Tax ID 58 - 2659941
(770) 754 - 6000

| Invoice #:  **0073036168** |
|---|
| Check # _____ |
| Payment Amount $_____ |

# Please return stub with payment.
Please include invoice number on check.
To pay invoice online, please go to www.HealthPortPay.com or call (770) 754 6000.



910000022  04/05/2010
006692093269
*071000301*  04/05/2010
6211106395

↓Do not endorse or write below this line.↓

B-5178 57
20100404
3255696785
172 ATL-409740

>011000138<
CR PAYEE ACCT
LACK END GTD
BANK OF AMERICA

>011000138<  04/05/2010
000599001145323

409740 010549 nbtqawc 3612  49  1

AO88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

RONALD HUTCHISON,

            Plaintiff,

              v.

where:

CITY OF EVANSTON, et al.,

            Defendants.

Civil Action No. 09 C 4810
(If the action is pending in another district, state

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

TO:  Delcine Thompson, Esq.
      Illinois Department of Corrections
      100 W. Randolph Street, Suite 4-200
      Chicago, IL 60601

    ☒  *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  **Copies of any and all documents relating to the current location, residence, contact information and telephone number of David Bamberg M01009, date of birth 5/26/86.**

| Place: | Date and Time: |
|---|---|
| Johnston Greene LLC, 542 South Dearborn Street, Suite 1100, Chicago, Illinois 60605 | March 15, 2010 |

    ☐  *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set for forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The provisions of Fed. R. Civ. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences or not doing so, are attached.

Date: February 24, 2010

                    *CLERK OF COURT*           OR

                   _____      _____
                   *Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing defendants who issues or requests this subpoena, are:

Iain Johnston, Johnston Greene LLC, 542 S. Dearborn St., Suite 1100, Chicago, Illinois 60605
ijohnston@johnstongreene.com, Phone: (312) 341-3900

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* Delaine Thompson, Il Dept. of Corrections
was received by me on *(date)* 2/24/10 .

☐ I personally served the subpoena on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☑ other *(specify):* Certified Mail ( # 7009 2250 0003 8826 7672 )

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ 40.00 .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 .

I declare under penalty of perjury that this information is true.

Date: 2/24/10 _____
Lisa Davlin
*Server's signature*

Lisa Davlin, Paralegal
*Printed name and title*

Johnston Greene LLC, 542 S. Dearborn St., Suite 1100,
Chicago, Il 60605
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).





AO88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

RONALD HUTCHISON,

        Plaintiff,

               v.

CITY OF EVANSTON, et al.,

        Defendants.

Civil Action No. 09 C 4810
(If the action is pending in another district, state

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

TO:  Evanston Northwestern Hospital
     Attn: Health Information Management Dept., Keeper of Records
     2650 Ridge Avenue
     Evanston, Illinois 60201

    ☒  *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:  **Copies of all medical records relating to Ronald Hutchison, SSN # 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, including but not limited to all records relating to his admission and treatment on or about July 26-28, 2008. (An Authorization to Disclose Medical Information signed by Mr. Hutchison is attached.)**

| Place: | Date and Time: |
|---|---|
| Johnston Greene LLC, 542 South Dearborn Street, Suite 1100, Chicago, Illinois 60605 | January 8, 2010 |

    ☐  *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set for forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The provisions of Fed. R. Civ. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences or not doing so, are attached.

Date: December 16, 2009

               *CLERK OF COURT*

                                       OR

              _____            _____
               *Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing defendants who issues or requests this subpoena, are:

Iain Johnston, Johnston Greene LLC, 542 S. Dearborn St., Suite 1100, Chicago, Illinois 60605
ijohnston@johnstongreene.com, Phone: (312) 341-3900

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _Evanston Northwestern Hospital_
was received by me on *(date)* _12/17/09_.

☐ I personally served the subpoena on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
_____, a person of suitable age and discretion who resides there,
on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)* _____, who is
designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☑ other *(specify)*: _Certified Mail_ | 7009 0080 0001 1962 7200

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _40.00_ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _12/17/09_ _____
                                    *Server's signature*

                          _Lisa Davlin, Paralegal_
                                    *Printed name and title*

                          _542 S. Dearborn, #1100, Chicago, Illinois_
                                    *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## AUTHORIZATION TO DISCLOSE MEDICAL INFORMATION

I allow all medical facilities, hospitals, clinics, labs, physicians, psychiatrists, mental health providers, insurance sources, and other providers (together "Records Holders") to give my medical information to Iain D. Johnston and/or Johnston Greene LLC (collectively the "Law Firm"). This includes, but is not limited to, my entire medical file, any spoken, written, photographic or electronic records, information or facts about my medical condition. It also includes test results, supplies, charts, lab reports, x-rays, studies, medication reports, billing records, and payment records (together called "Information").

I know that anyone at the Law Firm or anyone working with the Law Firm may use my Information will be used solely for legal matters handled by the Law Firm relating to the lawsuit I filed, which is captioned *Hutchinson v. City of Evanston* 09 CV 4810 ("Lawsuit"). I also know that my Information may be disclosed to consultants and experts hired by the Law Firm and will be held in a confidential manner by such consultants and experts. The Law Firm will keep the Information confidential pursuant to the terms of any Protective Order entered in the Lawsuit.

I know that my Information may also contain alcohol, drug or other substance abuse information. It may also contain facts about my mental health or test data used by my doctors. If so, I allow the sharing of this Information with the Law Firm. I give up and waive any protections under Federal and State laws.

I know that my Information may also contain other very private information about sexually transmissible diseases (such as hepatitis, syphilis, or gonorrhea), human immune deficiency virus (HIV) or acquired immune deficiency syndrome (AIDS) tests and results. If so, I allow the sharing of this information, including the HIV or AIDS test results with the Law Firm. I give up and waive the protections under Federal and State Laws.

I understand that if my Information is given out as allowed in this form, Federal privacy laws will not protect it, but the Information may be still marked as "Confidential" and used solely for purposes of this lawsuit and held in a confidential manner by the Law Firm.

I understand that this form lasts until the Lawsuit is disposed of by the Court. If I change my mind before that time and do not want the Law Firm to get any more information from my Records Holders, I can revoke this form at any time by sending a letter to the Law Firm at the following address:

> Iain D. Johnston
> Johnston Greene LLC
> 542 S. Dearborn, Suite 1100
> Chicago, IL 60605

If I send this letter, it will not change any actions my Records Holders took before the letter was received.

I know that signing this form is voluntary. If I do not sign this form, it will not affect how my health care providers treat me or my enrollment in a health plan.

I agree that a copy of this form may be treated as a signed original.

Patient's Name: Ronald Hutchison      Social Security #:

Patient's Date of Birth:

_____          12/03/09
Patient's Signature                              Date



910000022  01/14/2010
007792661272
*071000301*  01/15/2010
6414310750

↓Do not endorse or write below this line.↓

B-8221 14
20100114
3255696785
172 ATL-404119

>011000138<
CR PAYEE ACCT
LACK END GTD
BANK OF AMERICA

>011000138<  01/14/2010
000599001116103

404119 00691 nh0916 3600  1  18

# Urlaub Bowen & Associates, Inc.

20 N. Clark Street
Suite 1260
Chicago, IL 60602

**Phone:** (312) 781-9586   **Fax:** (312) 781-9228

Job #: 100121NH
Job Date: 01/21/2010
Order Date: 01/21/2010
DB Ref.#:
Date of Loss: / /
Your File #:
Your Client: Defendants

## Invoice

| | |
|---|---|
| **Invoice #:** | 77937 |
| **Inv.Date:** | 01/27/2011 |
| **Balance:** | $347.44 |

**Bill To:**
Mr. Iain D. Johnston
Johnston & Greene LLC
542 S Dearborn St
Ste 1100
Chicago, IL 60605

**Action:** Hutchinson, Ronald
*vs*
**City of Evanston**

**Action #:** 09 C 4810
**Rep:** NH
**Cert:** 084-004672

| Item | Proceeding/Witness | Description | Quantity | Price | Disc. Amt. | Amount |
|---|---|---|---|---|---|---|
| 1 | Matthew George | Certified Transcript | 128 | $2.65 | $16.96 | $322.24 |
| 2 | | Word index | 18.00 | $1.00 | $0.00 | $18.00 |
| 3 | | Exhibits - Scanned | 18.00 | $0.40 | $0.00 | $7.20 |

**Comments:**

225 ILCS 415/28 "A person certified under this Act may hold any attorney, firm or any other entity personally responsible for payment of shorthand reporting services rendered at the request of that attorney, firm or entity."

| | |
|---|---|
| Sub Total | $347.44 |
| Shipping | $0.00 |
| Tax | N/A |
| **Total Invoice** | $347.44 |
| Payment | $0.00 |
| **Balance Due** | $347.44 |

**Federal Tax I.D.:** 36-3368198    **Terms:** Net 30 Days @ 1.5%

*Please KEEP THIS PART for YOUR RECORDS.*

*Please FOLD then TEAR HERE and RETURN THIS PART with PAYMENT.*

**Bill To:**
Mr. Iain D. Johnston
Johnston & Greene LLC
542 S Dearborn St
Ste 1100
Chicago, IL 60605

**Deliver To:**
Mr. Iain D. Johnston
Johnston & Greene LLC
542 S Dearborn St
Ste 1100
Chicago, IL 60605

## Invoice

| | |
|---|---|
| **Invoice #:** | 77937 |
| **Inv.Date:** | 01/27/2011 |
| **Balance:** | $347.44 |
| **Job #:** | 100121NH |
| **Job Date:** | 01/21/2010 |
| **DB Ref.#:** | |
| **Date of Loss:** | / / |
| **Your File #:** | |
| **Your Client:** | Defendants |

**REMIT PAYMENT TO**

URLAUB BOWEN & ASSOCIATES, INC.
PO BOX 64637
CHICAGO, IL 60664-0637

# Urlaub Bowen & Associates, Inc.

20 N. Clark Street
Suite 1260
Chicago, IL 60602
**Phone:** (312) 781-9586    **Fax:** (312) 781-9228

Job #: 100122SAK
*Job Date:* 01/22/2010
*Order Date:* 01/22/2010
DB Ref.#:
*Date of Loss:* / /
*Your File #:*
*Your Client:* Defendants

# Invoice

| | |
|---|---|
| **Invoice #:** | 77943 |
| **Inv.Date:** | 01/27/2011 |
| **Balance:** | $143.94 |

| *Bill To:* | *Action:* **Hutchinson, Ronald** |
|---|---|
| Mr. Iain D. Johnston | *vs* |
| Johnston & Greene LLC | **City of Evanston** |
| 542 S Dearborn St | *Action #:* 09 C 4810 |
| Ste 1100 | *Rep:* SAK |
| Chicago, IL 60605 | *Cert:* 084-002346 |

| Item | Proceeding/Witness | Description | Quantity | Price | Disc. Amt. | Amount |
|---|---|---|---|---|---|---|
| 1 | Kenneth Carter | Certified Transcript | 54 | $2.65 | $7.16 | $135.94 |
| 2 | | Word index | 8.00 | $1.00 | $0.00 | $8.00 |

**Comments:**

225 ILCS 415/28 "A person certified under this Act may hold any attorney, firm or any other entity personally responsible for payment of shorthand reporting services rendered at the request of that attorney, firm or entity."

| | |
|---|---|
| Sub Total | $143.94 |
| Shipping | $0.00 |
| Tax | N/A |
| **Total Invoice** | $143.94 |
| Payment | $0.00 |
| **Balance Due** | $143.94 |

*Federal Tax I.D.:* 36-3368198    |    *Terms:* Net 30 Days @ 1.5%

*Please KEEP THIS PART for YOUR RECORDS.*
*Please FOLD then TEAR HERE and RETURN THIS PART with PAYMENT.*

| *Bill To:* | *Deliver To:* |
|---|---|
| Mr. Iain D. Johnston | Mr. Iain D. Johnston |
| Johnston & Greene LLC | Johnston & Greene LLC |
| 542 S Dearborn St | 542 S Dearborn St |
| Ste 1100 | Ste 1100 |
| Chicago, IL 60605 | Chicago, IL 60605 |

# Invoice

| | |
|---|---|
| **Invoice #:** | 77943 |
| **Inv.Date:** | 01/27/2011 |
| **Balance:** | $143.94 |
| **Job #:** | 100122SAK |
| **Job Date:** | 01/22/2010 |
| **DB Ref.#:** | |
| *Date of Loss:* | / / |
| *Your File #:* | |
| *Your Client:* | Defendants |

## REMIT PAYMENT TO

URLAUB BOWEN & ASSOCIATES, INC.
PO BOX 64637
CHICAGO, IL 60664-0637

✎AO 133 (Rev. 03/08) Bill of Costs

# UNITED STATES DISTRICT COURT

### for the
### Northern District of Illinois

| | |
|---|---|
| RONALD HUTCHISON | ) |
| v. | ) Case No.: 09 CV 4810 |
| CITY OF EVANSTON, et al. | ) |

### Bill of Costs

Judgment having been entered in the above entitled action ___02/10/2011___ against ___Plaintiff___ ,
                                                                    Date

the Clerk is requested to tax the following as costs:

| | |
|---|---|
| Fees of the Clerk . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $_____ |
| Fees for service of summons and subpoena . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | 2,791.98 |
| Fees and disbursements for printing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Fees for witnesses (itemize on page two) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 80.00 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case . . . . . . . . . . . | 108.99 |
| Docket fees under 28 U.S.C. 1923 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Costs as shown on Mandate of Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Compensation of court-appointed experts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 . . . . . | _____ |
| Other costs (please itemize) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | _____ |
| TOTAL | $ 2,980.97 |

SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories.

### Declaration

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill has been served on all parties in the following manner:

[✓] Electronic service by e-mail as set forth below and/or.

[ ] Conventional service by first class mail, postage prepaid as set forth below.

s/ Attorney: _____

Name of Attorney: Iain D. Johnston

For: City of Evanston and Evanston Police Officer Matt George                Date: 02/18/2011
         Name of Claiming Party

Costs are taxed in the amount of _____ and included in the judgment.

By: _____

_____          _____          _____
Clerk of Court                        Deputy Clerk                              Date

AO 133 (Rev. 03/08) Bill of Costs

# UNITED STATES DISTRICT COURT

| Witness Fees (computation, cf. 28 U.S.C. 1821 for statutory fees) | | | | | | | |
|---|---|---|---|---|---|---|---|
| NAME , CITY AND STATE OF RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| Delcine Thompson | 1 | 40.00 | | | | | $40.00 |
| Evanston Northwestern Hospital | 1 | 40.00 | | | | | $40.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | TOTAL | $80.00 |

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
  "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
  "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
**RULE 54(d)(1)**

Costs Other than Attorneys' Fees.
  Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 1 day's notice. On motion served within the next 5 days, the court may review the clerk's action

**RULE 6**

(d) Additional Time After Certain Kinds of Service.

  When a party may or must act within a specified time after service and service is made under Rule5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

**RULE 58(e):**

Cost or Fee Awards:

  Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.